■ CLEANART, INC., Appellant, v. ROAMER LINEN SUPPLY, INC., et al., Respondents.— In an action against a customer, Maxl's Rathskeller, Inc., to recover damages for breach of a contract for linen supply service and against the other respondents to recover damages for inducing said breach, and for other relief, the appeal is from that part of a judgment which dismissed the second and fifth causes of action alleged in the amended and supplemental complaint, after trial before an Official Referee. Judgment, insofar as appealed from, unanimously affirmed, with costs. No opinion. Present — Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ FAITH CUMMINS, Respondent, v. COLGATE PROPERTIES CORP. et al., Appellants, et al., Defendants.— In an action to enjoin violation of restrictive covenants and for other relief, defendants Colgate Properties Corp. and Chieco appeal from a judgment, entered after trial, in favor of plaintiff and against said defendants and from the resettled judgment. Resettled judgment unanimously affirmed, with costs. No opinion. Appeal from original judgment dismissed, without costs. The original judgment was superseded by the resettled judgment. Present — Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ. [2 Misc 2d 301.] [See post, p. 810.]

■ ALEX DARLOW, Respondent, v. DRAKE BAKERIES, INC., Appellant.— In an action to recover damages for personal injuries, the appeal is from a judgment entered on the verdict of a jury in favor of respondent. The sole question presented on this appeal is whether the motor vehicle owned by appellant was being operated at the time of the accident with its consent, express or implied (Vehicle and Traffic Law, § 59). Judgment reversed on the law, with costs, and complaint as against appellant dismissed. It is not seriously contended that the driver was ever given express permission to use the motor vehicle, and the overwhelming evidence is to the effect that he had never used it or moved it outside the garage and that it had never before been used by any employee except in a manner connected in some way with appellant's business. At the time this accident occurred, it was concededly being used in connection with the purely personal affairs of the operator. On the whole case, it must be held that it was being operated without appellant's consent. Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.